IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NAKIA PENN, | ) | CASE NO. 1:17 CV 1766 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Nakia Penn under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

---

[1] ECF No. 11. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 5.
[6] ECF No. 10.
[7] ECF No. 15, Attachment 1 (Commissioner's brief); ECF Nos. 14, 19 (Penn's briefs).
[8] ECF No. 15, Attachment 2 (Commissioner's charts); ECF No. 14, Attachment 2 (Penn's charts).
[9] ECF No. 14, Attachment 1 (Penn's fact sheet).

**Facts**

**A.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Penn, who was 22 years old at the time of the administrative hearing,[10] has a sixth grade education.[11] She has two minor children that live with her.[12] She has no past relevant work history.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Penn had the following severe impairments since May 1, 2012: history of attention deficit hyperactivity disorder; affective disorders (mood disorder not otherwise specified, moderate bipolar disorder); learning disorder; and substance addiction disorders (cannabis abuse, alcohol abuse).[14]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ found Penn had the residual functional capacity ("RFC") to perform a full range or work at all exertional levels with several non-exertional limitations.[15] Based on testimony by the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Penn could perform.[16] The ALJ, therefore, found Penn not under a disability.[17]

---

[10] ECF No. 14, Attachment 1 at 1.
[11] ECF No. 9, Transcript ("Tr.") at 44.
[12] *Id.* at 40.
[13] *Id.* at 24.
[14] *Id.* at 19.
[15] *Id.* at 21.
[16] *Id.* at 25.
[17] *Id.* at 26.

**B.     Issues on judicial review**

Penn asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Penn presents the following issues for judicial review:

- The ALJ failed to properly evaluate Penn's cognitive disability in that she failed to consider mental retardation and ignored other relevant evidence without explanation:

    A.   The ALJ ignored IQ scores and test results.

    B.   Dr. Pickholtz's evaluation cannot serve as substantial evidence as it was based on evidence not in the record.

    C.   Dr. Pickholtz's request for additional evidence was ignored.

    D.   The ALJ improperly relied on Dr. Pickholtz's assessment of Penn's activities of daily living.

- The ALJ failed to properly evaluate the medical evidence of record:

    A.   The ALJ failed to properly evaluate the opinion of certified nurse practitioner Mary Lieder.

    B.   The agency reviewing doctors' opinions cannot serve as substantial evidence to support the ALJ's denial of Penn's claim.[18]

For the reasons that follow, I will conclude that the ALJ committed reversible error in her Step Three determination.

---

[18] ECF No. 14 at 3.

# Analysis

## A. Applicable legal principles

### 1. *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).
[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).
[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Listings analysis*

Penn bears the burden of proving[22] that she has satisfied all of the criteria of a listing in order to "meet the listing."[23] But it is "*not* her 'job to point the relevant listing to the ALJ; it [is] the ALJ's job to identify and address them.'"[24]

While the Sixth Circuit "does not require a heightened articulation standard [from the ALJ] at Step Three of the sequential evaluation process,"[25] "in order to conduct a meaningful review, the ALJ must make it sufficiently clear in his or her decision the reasons for the determination [as to meeting a listing] in order for the Court to conduct a meaningful review."[26]

Specifically, the Sixth Circuit in *Reynolds v. Commissioner of Social Security* stated the requirements for articulating the ALJ's Step Three analysis as follows:

> In short, the ALJ need[s] to actually evaluate the evidence, compare it to the criteria of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without [such

---

[22] *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009).
[23] *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, 414 (6th Cir. 2011) (internal quotations omitted).
[24] *Baker v. Colvin*, No. 2:12-cv-264, 2013 WL 3965292, at *1 (S.D. Ohio July 31, 2013) (citation omitted) (emphasis added).
[25] *Marok v. Astrue*, No. 5:08CV 1832, 2010 WL 2294056, at *3 (N.D. Ohio June 3, 2010) (citing *Bledsoe v. Barnhart,* 165 Fed. App'x 408, 411 (6th Cir. Jan. 31, 2006)).
[26] *Eiland v. Astrue*, No. 1:10CV2436, 2012 WL 359677, at *9 (N.D. Ohio Feb. 2, 2012) (citing *Marok*, 2010 WL 2294056, at *3 (citations omitted)).

articulation], it is impossible to say that the ALJ's decision at Step
Three was supported by substantial evidence.[27]

An ALJ's failure to specifically address a listing or articulate her reasoning in this regard is not harmless and remand is required.[28]

## B.     Application of legal principles

Counsel for Penn specifically raised Listing 12.05 to the ALJ during the hearing, arguing that Penn met Listings "12.04 and/or 12.05 in combination."[29] Despite calling Listing 12.05 to the ALJ's attention and asserting that Penn met the Listing requirements, the ALJ never mentioned or analyzed Listing 12.05 in her decision.[30]

The Commissioner acknowledges that the ALJ never mentioned Listing 12.05.[31] But she submits this omission was of no consequence, as the ALJ specifically mentioned "invalid" IQ scores and "the evidence did not reveal that [Penn's] condition could meet or equal the requirements of Listing § 12.05."[32] The Commissioner's argument misses the

---

[27] *Reynolds*, 424 Fed. App'x at 415. The Sixth Circuit's insistence on the articulation of reviewable reasons directly follows from the ALJ's statutory duties at 5 U.S.C. § 557(C)(3)(A) to include the "reasons or basis" for a decision. Therefore, the Sixth Circuit has determined that the "reasons requirement" is both a procedural and substantive requirement, "necessary in order to facilitate effective and meaningful judicial review." *Shea v. Astrue*, No. 1:11 CV 1076, 2012 WL 967088, at *10 n. 6 (N.D. Ohio Feb. 13, 2012) (quoting *Reynolds*, 424 F. App'x at 414).
[28] *Appel v. Comm'r of Soc. Sec.*, No. 3:14-cv-68, 2015 WL 4540368, at *4 (S.D. Ohio Feb. 24, 2015).
[29] Tr. at 39.
[30] *See id.* at 19-26.
[31] ECF No. 15, Attachment 1 at 8.
[32] *Id.* at 8-11.

point – "it was the ALJ's failure to *consider* the Listing that was error."[33] And I cannot say the error is harmless, although the Commissioner argues otherwise, "as it is possible the evidence Plaintiff put forth could meet this Listing."[34]

While the ALJ noted the most recent IQ testing was not valid, she also recited Dr. Pickholtz's finding that Penn's IQ was in the borderline range – with no numerical translation of that range and no comparison to the Listing requirements of 12.05.[35] Furthermore, as Penn points out, in her decision the ALJ omitted any discussion of Penn's prior IQ test results.[36] While the Commissioner asserts these results are outdated and cannot be used to establish meeting or equaling a Listing,[37] even if true that did not preclude the ALJ from mentioning them and comparing them to Dr. Pickholtz's results in weighing and analyzing the record evidence. Finally, Dr. Pickholtz noted in the diagnosis portion of his report the need to review school records with respect to Penn's learning disorder diagnosis,[38] but it appears those records were never provided.[39] And while the Commissioner set forth the requirements of Listing 12.05 and analyzed the record evidence

---

[33] *Baker*, 2013 WL 3965292, at *2 (citing *Reynolds*, 424 Fed. App'x at 415-16) (emphasis in original).
[34] *Id. Cf. Forrest v. Comm'r of Soc. Sec.*, 591 Fed. App'x 359, 366 (6th Cir. 2014) (rejecting Step Three argument where evidence showed claimant "used one cane at most, often went without, and could otherwise ambulate effectively during the relevant period.").
[35] Tr. at 22.
[36] *Id.* at 20-24.
[37] ECF No. 15 at 10.
[38] Tr. at 323.
[39] ECF No. 14 at 17.

in comparison to the Listing,[40] the ALJ did not – such *post hoc* rationalization is impermissible.

It is not for the Magistrate Judge – or the Commissioner – "to step into the shoes of the ALJ and complete [her] job for [her]. The ALJ should, in the first analysis, assess whether the evidence put forth shows that Plaintiff meets or equals a Listing. Should [s]he determine she does not, the ALJ must explain h[er] decision with a discussion and analysis of the evidence."[41] On remand, the ALJ must consider the evidence regarding Penn's mental impairments and whether the requirements of Listing 12.05 are met, as well as explain his or her decision. To the extent that any additional consultative examinations are ordered regarding Penn's mental impairments, I direct the ALJ to require that those examiners have access to Penn's full academic record and prior IQ testing information for the purpose of their evaluations and reports.

Because the ALJ committed reversible error when she failed to consider and analyze Listing 12.05 at Step Three, I will not address Penn's other assertions of error. But if on remand the ALJ proceeds to Steps Four and Five of the sequential analysis, the ALJ should be sure to properly weigh and analyze the opinion given by Mary Lieder, Certified Nurse Practitioner.

---

[40] ECF No. 15, Attachment 1 at 8-10.
[41] *Risner v. Comm'r of Soc. Sec.*, No. 1:11-cv-036, 2012 WL 893882, at *5 (S.D. Ohio Mar. 15, 2012).

## Conclusion

The ALJ erred at Step Three by failing to consider Listing 12.05 and analyze whether Penn met or equaled this Listing's requirements. Accordingly, the decision of the Commissioner denying Penn supplemental security income is reversed and remanded for proper evaluation of whether Penn met or equaled a listing at Step Three. To the extent the ALJ orders any additional consultative examinations to evaluate Penn's mental impairments, the ALJ must require that those examiners have access to Penn's full academic record and prior IQ testing information for the purpose of their evaluations and reports. Should the ALJ proceed to Steps Four and Five of the sequential analysis on remand, the ALJ must properly weigh and analyze the opinion given by Mary Lieder, Certified Nurse Practitioner

IT IS SO ORDERED.


Dated: September 21, 2018          s/ William H. Baughman, Jr.
                                                                United States Magistrate Judge